IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 6:07-1105-HMH |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Terry Lamont Cobb, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Terry Lamont Cobb's ("Cobb") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. After a thorough review of the facts and pertinent law, the court summarily dismisses Cobb's § 2255 motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 25, 2008, Cobb pled guilty pursuant to a plea agreement to one count of felon in possession of a firearm. On June 9, 2008, the court sentenced Cobb to one hundred twenty months' imprisonment. Cobb appealed his conviction and sentence. On November 4, 2009, the United States Court of Appeals for the Fourth Circuit affirmed in part and dismissed in part Cobb's appeal. United States v. Cobb, No. 08-4651, 2009 WL 3634277 at *2 (4th Cir. Nov. 4, 2009) (unpublished). Cobb filed the instant § 2255 motion on August 2, 2010.[1] In his § 2255 motion, Cobb alleges ineffective assistance of counsel. (Cobb § 2255 Mot. 5-6.)

## II. DISCUSSION OF THE LAW

In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Cobb must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, Cobb must demonstrate a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Cobb alleges that his trial counsel was constitutionally ineffective because counsel failed to (1) "object to the improper calculation of petitioner's base offense level under section 2K2.1(a)(2)"; and (2) "insist that the district court make an adequate Rule 11 inquiry into the maximum and minimum penalty petitioner faced." (Cobb § 2255 Mot. 5-6.)

First, Cobb alleges that his counsel was constitutionally ineffective for failing to object to the base offense level of 24 in the Presentence Investigation Report ("PSR"). Cobb's base offense level was incorrectly calculated under United States Sentencing Guideline ("U.S.S.G.") § 2K2.1(a)(2), which provides that for a violation of 18 U.S.C. § 922(g) where the defendant "committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense" the base offense level is 24. U.S.S.G. § 2K2.1(a)(2). However, the chapter four enhancements applicable to Cobb trumps the base offense level. As discussed more fully below, because Cobb is an "armed career criminal within the meaning of U.S.S.G. § 4B1.4[,] [t]he offense level determined under U.S.S.G. § 4B1.4(b)(3)(B) is 33 rather than the lower level" of 24. (PSR ¶ 51.); see also § 4B1.4(b)(3)(B). Cobb was sentenced as an armed career criminal under U.S.S.G. § 4B1.4 because he has three prior felony convictions for crimes of violence: one conviction for aggravated assault and battery, one conviction for robbery, and one conviction for assault and battery of a high and aggravated nature. (PSR ¶¶ 16, 17, 22.) After credit for acceptance of

responsibility, Cobb had a total offense level of 30 with a criminal history category of IV, which would have given a sentencing range of 135 to 168 months' imprisonment. However, due to the statutory maximum under which Cobb pled guilty, Cobb could not be sentenced to more than ten years. See 18 U.S.C. § 924(a)(2). As such, Cobb's counsel was not constitutionally ineffective as there was no prejudice as a result of the incorrect base offense level because the chapter four enhancement for armed career criminal trumped the base offense level.

Second, Cobb alleges ineffective assistance of counsel for counsel's failure to "insist that the district court make an adequate Rule 11 inquiry into the maximum and minimum penalty petitioner faced." (Cobb § 2255 Mot. 5.) Specifically, Cobb objects that his counsel was ineffective in failing to object to the court's failure to advise Cobb of any "enhanced penalties he may face." (Id.) During the guilty plea hearing, the court stated as follows:

> The statute provides for a maximum term of imprisonment of ten years, a fine of $250,000, and a term of supervised release of not more than three years in addition to any term of imprisonment plus a special assessment of $100. Do you understand that?

(Guilty Plea Tr. 15.) Cobb responded, "Yes, sir." (Id.) The court accurately informed Cobb of the applicable statutory sentencing range provided in 18 U.S.C. § 924(a)(2). The court informed Cobb that his sentence would be between zero and ten years. The court "did not mention the possibility of a fifteen-year minimum sentence" pursuant to § 924(e) during his guilty plea colloquy. United States v. Hairston, 522 F.3d 336, 340 (4th Cir. 2008). Thus, Cobb could not be sentenced to the fifteen-year mandatory minimum under § 924(e). Id. However, the court properly considered Cobb's armed career criminal status under U.S.S.G. § 4B1.4 in determining his guidelines range and the appropriate sentence under 18 U.S.C. § 3553(a).

3

"Section 4B1.4 of the sentencing guidelines imposes an enhanced sentence on anyone who is an armed career criminal as defined by 18 U.S.C. § 924(e)(1)." United States v. Hairston, No. 08-4958, 2010 WL 411005, at *1 (4th Cir. Feb. 4, 2010) (unpublished). U.S.S.G. § 4B1.4 Application Note 1 provides that

> [t]his guideline applies in the case of a defendant subject to an enhanced sentence under 18 U.S.C. § 924(e). Under 18 U.S.C. § 924(e), a defendant is subject to an enhanced sentence if the instant offense of conviction is a violation of 18 U.S.C. § 922(g) and the defendant has at least three prior convictions for a 'violent felony' or 'serious drug offense,' or both, committed on occasions different from one another.

Count 1 of the Superseding Indictment, to which Cobb pled guilty, provides

> [t]hat on or about January 27, 2007, . . . Terry Lamont Cobb, having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess in and affecting commerce, a firearm and ammunition, that is, a Ruger .357 caliber revolver and .357 caliber ammunition, all of which had been shipped and transported in interstate and foreign commerce; In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2), and **924(e)**.

(Superseding Indictment 1 (emphasis added).) Cobb has three prior convictions for violent felonies that qualify under § 4B1.4. "Prior sentences . . . are counted separately or as a single sentence. Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e. the defendant is arrested for the first offense prior to committing the second offense)." U.S.S.G. § 4A1.2(a)(2). Cobb was arrested for aggravated assault and battery on September 15, 1984. (PSR ¶ 16.) On October 6, 1984, Cobb robbed a woman and was arrested. (Id. ¶ 17.) Finally, Cobb was arrested for assault and battery of a high and aggravated nature on August 10, 1989, for an incident that occurred on March 6, 1989. (Id. ¶ 22.) The offense conduct occurred on January 27, 2007. (Id. ¶ 8.) As

4

such, these three prior convictions were separated by an intervening arrest. Further, there is no requirement that prior convictions be within 15 years of the instant offense under U.S.S.G. § 4B1.4. United States v. Presley, 52 F.3d 64, 69 (4th Cir. 1995) (finding that "[t]here is no temporal restriction on prior felonies for purposes of" the armed career criminal enhancement); United States v. King, 516 F.3d 425, 427-28 (6th Cir. 2008) ("An application note to § 4B1.4 makes it clear that 'the time periods for the counting of prior sentences under § 4A1.1' are not 'applicable to the determination of whether a defendant is subject to an enhanced sentence under 18 U.S.C. § 924(e).'").

Because he had at least three prior convictions for violent felonies, and his current offense of conviction is under 18 U.S.C. § 922(g), Cobb was subject to an enhanced sentence pursuant to § 924(e). The court sentenced Cobb under § 924(a)(2), which provides a ten-year maximum sentence, not § 924(e), which provides a fifteen-year mandatory minimum sentence. However, U.S.S.G. § 4B1.4 does not state that it only applies where the court sentences a defendant to the mandatory minimum provided in § 924(e). Instead, § 4B1.4 merely requires that Cobb be "*subject*" to enhancement under § 924(e). The court stated as follows:

> [Cobb] has a Total Offense Level of 30, Criminal History Category of IV. His range, because he is an armed career criminal, is higher than the maximum -- statutory maximum. Therefore, the statutory maximum trumps the guideline range. The statute provides for a maximum of 120 months imprisonment, three years supervised release.

(Sentencing Tr. 3.) Importantly, "Rule 11 does not require courts to inform defendants of the applicable Guidelines sentencing ranges." Hairston, 522 F.3d at 340. Instead, Rule 11 only requires that the court "inform defendants of all potentially applicable *statutory* minimum and maximum sentences." Id. In addition, there is no pretrial notice requirement for guidelines

5

enhancements, such as the armed career criminal enhancement, U.S.S.G. § 4B1.4. United States v. Foster, 68 F.3d 86, 89 (4th Cir.1995). Thus, the court was not required to inform Cobb during his guilty plea hearing that his sentence could be enhanced under the Guidelines. Cobb was sentenced to 120 months' imprisonment, which as the court informed him during his guilty plea hearing, was the maximum sentence under § 924(a)(2). (Guilty Plea Tr. 15.) Based on the foregoing, Cobb's claim is without merit as there was no basis for his counsel to object to the plea colloquy.

Further, Cobb has suffered no prejudice. Had the court informed Cobb during his guilty plea hearing that he could be sentenced to a statutory mandatory minimum sentence of fifteen years' imprisonment under § 924(e), then the court would have been required to sentence Cobb as such because he is an armed career criminal. However, because Cobb was not informed of the possibility during his guilty plea hearing, he benefitted from the maximum ten-year sentence under § 924(a)(2). In addition, Cobb objected at sentencing to the application of the armed career criminal enhancement. (Sentencing Tr. 8-11.) Moreover, Cobb has failed to establish that but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. If Cobb proceeded to trial, he would be subject to the fifteen-year mandatory minimum sentence in § 924(e) and would lose credit for acceptance of responsibility. Therefore, even if Cobb's counsel erred in not objecting, Cobb has suffered no prejudice as a result. Based on the foregoing, Cobb's claim for ineffective assistance of counsel is without merit.

It is therefore

**ORDERED** that Cobb's § 2255 motion, docket numbers 95 and 98, is summarily dismissed. It is further

**ORDERED** that a certificate of appealability is denied because Cobb has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.<br>Senior United States District Judge

Greenville, South Carolina
August 11, 2010

## NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.